UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1**

Phillip Raymond
McCalla Raymer Leibert Pierce, LLC
485F US Highway 1 S, Suite 300
Iselin, New Jersey 08830
Telephone: (732) 902-5399
NJ_ECF_Notices@mccalla.com
Attorney for JPMorgan Chase Bank, National Association

In Re:

MICHAEL BATES,
NICOLE BATES

Case No.: 19-29292

Chapter: 13

Judge: Michael B. Kaplan

# NOTICE OF MORTGAGE FORBEARANCE

The undersigned is the Attorney for Creditor JPMorgan Chase Bank, National Association in this matter. On or about 4/6/2020, the Creditor was advised that the Debtor(s)' mortgage loan ending in 0648 ("Subject Mortgage Loan"), secured by real property described as 408 READING ST, PENNINGTON BORO, NJ 08534, has been impacted by COVID-19. Pursuant to State and/or Federal guidelines, a forbearance has been offered, the terms of which are as follows:

1. The parties agree to a forbearance period of 90 days (enter number of days) and have elected to not tender mortgage payments to Creditor that would come due on the subject mortgage loan starting 4/1/2020 (mm/dd/yy) through 6/30/2020 (mm/dd/yy).

2. Debtor(s) will resume mortgage payments beginning 7/1/2020 (mm/dd/yy) and will be required to cure the delinquency created by the forbearance period ("Forbearance Arrears").

1. The payment amount currently is $2462.56.

2. The Creditor, at this time, does not waive any rights to collect the payments that come due during the forbearance period or any payments that were due and owing prior to the forbearance period. Creditor does not waive its rights under the terms of the note and mortgage or under other applicable non-bankruptcy laws and regulations, including, but not limited to, RESPA, and the right to collect on any post-petition escrow shortage.

3. The Creditor does not waive its rights to seek relief from the automatic stay for reasons other than non-payment of the mortgage, including, but not limited to, a lapse in insurance coverage or payment of property taxes.

4. The Debtor(s) do not waive any rights upon expiration of the forbearance period. Prior to the expiration of the forbearance period, however, the Debtor(s) must take the following affirmative steps to address the status of the subject mortgage loan including, but not limited to: (a) bringing the account post-petition current; (b) requesting extension of the forbearance period; (c) applying for loss mitigation; and/or (d) amending the Chapter 13 Plan.

5. Any objection to this Notice must be filed and served not later than 14 days after the filing of the Notice. The Court may conduct a hearing on the objection.

**This Notice is intended to disclose a temporary forbearance of the Debtor(s)' obligation to remit post-petition payments for the forbearance period. Nothing within this Notice should be construed to alter any rights, duties, or deadlines that are not related to the remittance of post-petition mortgage payments.**

Date: May 29, 2020                                                                    */s/Phillip Raymond*
                                                                                                      Phillip Raymond

*new. 5/2020*

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing *Notice of Debtor's Request for Temporary Forbearance* was served upon the following parties in the following fashion on this 29th day of May, 2020:

MICHAEL BATES *(Served via US Mail)*
BATES NICOLE
408 READING ST, PENNINGTON BORO, NJ 08534


CANDYCE ILENE SMITH-SKLAR *(Served via ECF Notification)*
1901 NORTH OLDEN AVENUE STE 22, EWING, NJ 08618


ALBERT RUSSO *(Served via ECF Notification)*
CN 4853, TRENTON, NJ 08650


US DEPT OF JUSTICE *(Served via ECF Notification)*
OFFICE OF THE US TRUSTEE
ONE NEWARK CENTER STE 2100
NEWARK, NJ 07102


Date: 5/29/2020    By: /s/ *Phillip Raymond*
Phillip Raymond